## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| CRAFTIE FOX, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |
| | : | |
| _____/ | | |

## CLASS ACTION COMPLAINT

1. Chet Michael Wilson ("Plaintiff") brings this class action against Craftie Fox, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

## PARTIES

3. Plaintiff is a natural person.

4. Defendant is a limited liability company that resides in this District.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6.      This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in and directed the telemarketing at issue from this District.

## INTRODUCTION

7.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were

2

harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

9.      Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

10.     Plaintiff had registered his number on the National Do Not Call Registry for at least 30 days prior to receiving the calls at issue.

11.     Defendant placed calls to telephone number (541) XXX-9999 intending to reach someone other than Plaintiff.

12.     Defendant delivered, or caused to be delivered, text messages to telephone number (541) XXX-9999 in 2024, including in October, November and December of 2024.

13.     Some of the text entries are below:











14.     At least six of the text messages were sent before 7:15 AM.

15.     They were received in Mr. Wilson's home state of Oregon.

16.     Defendant delivered, or caused to be delivered, at least three of the subject text messages to telephone number (541) XXX-9999 thirty-one or more days after Plaintiff registered telephone number (541) XXX-9999 with the DNC Registry.

17.     The subject text messages were intended for someone other than, and unknown to, Plaintiff.

18.     The purpose of the subject text messages was to advertise and market Defendant's business or services.

19.     Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (541) XXX-9999.

20.     Plaintiff did not request information or promotional materials from Defendant.

21.     Plaintiff suffered actual harm as a result of the subject text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

22.     Upon information and good faith belief, Defendant knew, or should have known, that telephone number (541) XXX-9999 was registered with the DNC Registry.

## CLASS ALLEGATIONS

23.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

24.     Plaintiff brings this action on behalf of himself and the following classes (collectively, the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Early/Late Calls Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time to their residential telephone number, (2) within any 12-month period (3) promoting

AUM Insurance's goods or services, (4) before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location).

25.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

26.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

27.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

28.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

29.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.     whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.      whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c.      whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30.      **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

31.      In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.      The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

11

d.      Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

32.      Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33.      It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

34.      It is also a separate violation to place calls before 8:00 AM, as the Defendant did for some of the text messages received by Plaintiff.

35.      Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

36.      These violations were willful or knowing.

37.      As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

38.      Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Early/Late Calls Class)

39.     Plaintiff repeats and realleges paragraphs 1-31 of this Complaint and incorporates them by reference herein.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "(1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

41.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Early/Late Calls Class members who received text messages either before 8:00 AM or after 9:00 PM.

42.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Early/Late Calls Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Early/Late Texts Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the classes as alleged herein;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned as counsel for the Classes;

D.     Damages to Plaintiff and members of the classes pursuant to 47 U.S.C. § 227(c)(5);

E.     Attorneys' fees and costs, as permitted by law; and

F.     Such other or further relief as the Court deems just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.


Dated: May 5, 2025                    PLAINTIFF, individually and on behalf of
                                      all others similarly situated,


                                      */s/ Avi R. Kaufman*
                                      Avi R. Kaufman (FL Bar no. 84382)
                                      kaufman@kaufmanpa.com
                                      Rachel E. Kaufman (FL Bar no. 87406)
                                      rachel@kaufmanpa.com
                                      KAUFMAN P.A.
                                      237 South Dixie Highway, 4th Floor
                                      Coral Gables, FL 33133
                                      Telephone: (305) 469-5881

                                      *Counsel for Plaintiff and the proposed Classes*